**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nubian Amon-Ra,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　　Respondents. | No. CV 16-0253-TUC-CKJ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on May 4, 2016, by Nubian Amon-Ra, an inmate confined in the Arizona State Prison Complex in Douglas, Arizona. (Doc. 1)

Also pending is a motion for writ of habeas corpus ad prosequendum filed by the petitioner on August 24, 2016. (Doc. 18)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition and the motion. Counsel was not ineffective for failing to raise the issue of police misconduct at trial. Amon-Ra's claim that his sentence violates Arizona law is not cognizable.

## Summary of the Case

Amon-Ra was found guilty after a jury trial of aggravated assault with a deadly weapon and aggravated assault resulting in a fracture. (Doc. 20, pp. 18-19) "Amon-Ra and at least one other individual beat the victim with a wooden board and other implements, resulting in the victim's hand being broken as he tried to protect himself." (Doc. 21, p. 4) Apparently, the defendant believed that the victim failed to pay a drug debt. (Doc. 25, pp. 22-25) The trial court sentenced Amon-Ra to "concurrent prison terms, the longer of which is 7.5 years." (Doc. 21, p. 4); (Doc. 20, pp. 18-19)

Amon-Ra filed a notice of appeal, but counsel was unable to find any meritorious issues to raise. (Doc. 20, p. 37) Amon-Ra then filed a petition pro se in which he argued that (1) the trial court erred when it denied as untimely his motion pursuant to Ariz.R.Crim.P. 5.5 for review of the preliminary hearing and (2) the government caused that motion to be untimely by its failure to timely disclose a transcript of the preliminary hearing. (Doc. 20, pp. 51-56) Apparently, the preliminary hearing was conducted without the presence of a court reporter. (Doc. 20, p. 50) And, the audio recording preserved only the questions asked, not the witnesses' testimony. (Doc. 20, p. 50); (Doc. 21, p. 5); (Doc. 1-5, p. 1) The Arizona Court of Appeals affirmed his convictions and sentences on September 15, 2014. (Doc. 21, pp. 3-6) Amon-Ra did not seek review from the Arizona Supreme Court. (Doc. 1, p. 5)

Amon-Ra filed notice of post-conviction relief, but counsel was unable to find any colorable claims. (Doc. 21, p. 12) Amon-Ra then filed a petition pro se in which he argued (1) trial counsel was ineffective for failing to present evidence of police misconduct, (2) the government engaged in misconduct when Sierra Vista police offered the victim money to testify against the defendant, and (3) the prosecutor engaged in misconduct when he prosecuted this action knowing the victim was a paid informant. (Doc. 21-11, pp. 2-5); (Doc. 21-12, p. 3)

The trial court found claims (2) and (3) were precluded pursuant to Ariz.R.Crim.P. 32.2(a) because they could have been presented on direct appeal. (Doc. 22, p. 3) The court found that trial counsel's failure to raise the issue of police misconduct was "clearly a tactical decision." (Doc. 22, p. 4) Furthermore, Amon-Ra failed to present any evidence proving that

- 2 -

counsel's performance was deficient. *Id*. The trial court denied the petition on November 3, 2015. (Doc. 22, p. 4)

The Arizona Court of Appeals granted review but denied relief on April 22, 2016 adopting the reasoning of the trial court. (Doc. 22, pp. 36-38) Amon-Ra did not seek review from the Arizona Supreme Court. (Doc. 1, p. 5)

On May 4, 2016, Amon-Ra filed the pending petition for writ of habeas corpus. (Doc. 1) He claims (1) counsel was ineffective for failing to introduce evidence that the police conspired to pay the victim money to testify against the defendant, (2) the government engaged in misconduct when Sierra Vista police offered the victim money to testify against the defendant, (3) the prosecutor engaged in misconduct when he prosecuted this action knowing the victim was a paid informant, (4) the trial judge abused his discretion when he held that video evidence of the bribe could not be presented in accordance with a local rule, (5) his sentence was illegal because under Arizona law a sentence cannot be enhanced for using a deadly weapon where the weapon is an element of the offense, and (6) the trial judge abused his discretion by suppressing evidence by invoking a local rule. (Doc. 1)

On August 24, 2016, Amon-Ra filed a motion for writ of habeas corpus ad prosequendum. (Doc. 18) In that motion, Amon-Ra argues again that his sentence was illegal under Arizona law because a sentence cannot be enhanced for using a deadly weapon where that weapon is an element of the offense. *Id*.

In their answer, the respondents argue Amon-Ra's claims are non-cognizable, procedurally defaulted, or otherwise without merit. (Doc. 19) Amon-Ra filed a reply on September 30, 2016. (Doc. 29)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent only if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*. at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified).

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state courts, and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate

that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

Discussion

In Claim (1), Amon-Ra argues trial counsel was ineffective for failing to have a transcript made of the victim's videotaped interview with the Sierra Vista police. (Doc. 1, p. 6) Because of this failure, trial counsel was unable to present evidence that the Sierra Vista police offered the victim money to testify against the defendant. *Id*.

The facts underlying this claim are not entirely clear. During the trial, there was a short sidebar conference concerning a certain video. (Doc. 27, pp. 27-28) It appears that counsel had in his possession a video of a police interview with the victim. *Id*. He failed, however, to have the interview transcribed, and pursuant to local rule, he was not permitted to use the video to impeach the testimony of the interviewing detective. *Id*. Counsel argued at sidebar that the state's questioning of detective Ransford about the interview "opened the door" to the video evidence. *Id*. The trial court disagreed. *Id*. Counsel did not discuss the evidence he hoped to present, so it is difficult to determine how this mistake affected the defense. *Id*.

Amon-Ra raises a similar argument concerning the audio recording of his preliminary hearing. (Doc. 1, p. 6) He alleges that counsel's failure to obtain a transcript of this hearing prevented him from using it at trial. *Id*. There is, however, no evidentiary support in the record for this allegation. In fact, it appears that a transcript was made of that hearing. Unfortunately, the audio equipment recorded only the questions asked, not the witnesses' responses. In its order denying the defendant's motion to dismiss, the trial court stated clearly that "[t]he transcript of the preliminary hearing does not contain the witnesses' testimony." (Doc. 1-5, p. 1); see also (Doc. 20, p. 50); (Doc. 21, p. 5); (Doc. 20-8, p. 11) Amon-Ra argued as much on direct appeal. (Doc. 21, p. 5) The record indicates there *was* a transcript of the hearing, but it would have been useless to introduce it at trial. There is no factual support for this part of

- 6 -

Amon-Ra's claim. Accordingly, the court will confine itself to discussing Amon-Ra's claim as it relates to the video recording of the victim's interview with police.

According to Amon-Ra, this video contained evidence of misconduct by the Sierra Vista police. He argues counsel was ineffective for failing to present this evidence at trial. He asserts this issue was properly exhausted in his Rule 32 petition. (Doc. 1, p. 6) The respondents agree that the issue was properly exhausted as it relates to police misconduct in general. (Doc. 19, p. 10) The respondents argue, however, that Amon-Ra's allegations about the specific content of the video and the audio recording cannot be considered because they were not made part of the record below. (Doc. 19, p. 18) The respondents are correct. This court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984). Habeas relief, however, is available only if "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* at 687. Because hindsight is 20/20, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. State court review of counsel's performance must be deferential. Federal court review on habeas is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. at 190.

The trial court denied this claim on the merits holding that Amon-Ra could not show counsel was ineffective because he provided no evidence, in the form of affidavits or otherwise, showing that counsel's performance was deficient. (Doc. 22, p. 4) In the court's view, counsel made a tactical decision when he decided to forgo presenting evidence of police misconduct. *Id*. There was "a reasoned basis for not putting the police 'on trial.'" (Doc. 22, p. 4) "This strategy could have easily back-fired on the Defendant" because the jury could have reacted unfavorably to this type of accusation. *Id*. Instead, trial counsel highlighted the victim's contradictory statements and argued that the state failed to prove its case beyond a reasonable doubt. (Doc. 28, pp. 21-40) This court notes that the jury found Amon-Ra not guilty of four

out of six counts in the indictment. (Doc. 20, pp. 9-13) This is at least some evidence that trial counsel employed reasonable professional judgment.

The Arizona Court of Appeals likewise held that counsel was not ineffective adopting the trial court's reasoning. (Doc. 22, pp. 36-38) That decision denying relief was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d).

Amon-Ra argues in his reply brief that counsel's failure to present evidence of police misconduct was not a tactical decision. (Doc. 29, p. 9) Instead, it was a result of his failure to create a transcript of the video of the police interview. *Id.* If this transcript had been made, he maintains, trial counsel would have presented evidence that the victim made a deal with the police to pay him for his testimony. *Id.* There is no evidence in the record, however, to support his allegations. Counsel argued at trial that he should be allowed to use the video for impeachment, but he did not state specifically what evidence he wanted to introduce. (Doc. 27, pp. 27-28) "[Amon-Ra's] claim of prejudice amounts to mere speculation." *Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981).

Moreover, while counsel's failure to transcribe the video made it unavailable for impeachment purposes, nothing prevented counsel from pursuing the issue of police misconduct during his cross-examination. If he wanted to, he could have asked: Isn't it true that the police offered the victim money in exchange for his testimony against the defendant? He did not do so. That was a tactical decision.

As the court noted above, Amon-Ra failed to make the video part of the state record, and therefore this court cannot consider it. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Nevertheless, in the interest of completeness, this court has reviewed the video of the victim's interview with Sierra Vista Detective Ransford. Contrary to Amon-Ra's assertions, the video does not contain evidence of police misconduct.

At one point during the interview, the victim mentioned an interaction that he had with police when he was in jail on a separate issue. *See* (Doc. 14) (beginning at time 12:47, at 36:00 minute mark) He said he was approached by police who wanted him to testify against the defendant. *Id.* The victim said that he refused at first, but later, he received an offer of money

- 8 -

from the police. *Id*. He explained that he was afraid of the defendant and wanted to leave town. *Id*. It appears that he told this story to the detective because he wanted the detective to give him money based on this prior offer of help. *Id*. The detective did not address the issue of money directly, but he mentioned that the defendant's bail was rather high possibly to indicate that the defendant was unlikely to be released. *Id*. The detective also discussed in general how important it is for people to stand up to bullies. *Id*.

At best, the video is evidence that at some point, the police offered the victim money so he could leave town because he was afraid of the defendant. The video is not evidence that the police bribed the victim to testify falsely. It is evidence that the victim was afraid of the defendant, and the police wanted to keep their witness safe. It is evidence that the defendant was considered violent and dangerous. Even if counsel had made a transcript of the video, it is unlikely that he would have highlighted this portion of it at trial.

In Claim (2), Amon-Ra argues that the government engaged in misconduct when Sierra Vista police offered the victim money to testify against the defendant. In Claim (3), he argues that the prosecutor engaged in misconduct when he prosecuted this action knowing the victim was a paid informant. These issues were raised in Amon-Ra's Rule 32 petition. The trial court found these claims precluded pursuant to Ariz.R.Crim.P. 32.2(a) because they could have been raised earlier on direct appeal. (Doc. 22, p. 3) The Arizona Court of Appeals agreed adopting the trial court's reasoning. (Doc. 22, p. 38) These claims are therefore procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In his reply brief, Amon-Ra argues that his failure to raise these claims on direct appeal should be excused because appellate counsel rendered ineffective assistance. (Doc. 29, p. 9) Under certain circumstances, appellate counsel's ineffectiveness could constitute cause to excuse a procedural default, but only if appellate counsel's ineffectiveness was raised as an independent claim before the state court. *Murray v. Carrier*, 477 U.S. 478, 488-489, 106 S.Ct. 2639, 2645-2646 (1986). Here, it was not raised as an independent claim, so appellate counsel's alleged ineffectiveness does not excuse his default.

In Claim (4), Amon-Ra argues that the trial judge abused his discretion when he held that video evidence of the bribe could not be presented at trial in accordance with a local rule. Amon-Ra argues this decision violated his "constitutional right to due process taking away his life and liberty." (Doc. 1, p. 13) Amon-Ra raised this issue in his petition for review with the Arizona Court of Appeals. (Doc. 22, p. 12) In that petition, however, he did not alert the court of appeals that he considered the trial court's ruling to be a violation of his *federal due process* rights. The issue, therefore, was not properly exhausted. *See Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). And, it cannot be exhausted now for procedural reasons; it is precluded. *See* Ariz.R.Crim.P. 32.2(a). The claim is therefore procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In Claim (5), Amon-Ra argues his 7.5 year prison term is illegal because the trial court considered his use of a deadly weapon as an aggravating factor. (Doc. 1, p. 15) And, it cannot be used as an aggravating factor because it is an element of the offense. *Id.* (citing A.R.S. § 13-702(c)).

This Claim was also raised in a separate motion for writ of habeas corpus ad prosequendum, which Amon-Ra filed on August 24, 2016. (Doc. 18) The court construes this filing as a supplemental argument in support of his petition.

Amon-Ra concedes that he did not exhaust this claim below. (Doc. 1, p. 14) And, he cannot exhaust it now for procedural reasons; it is precluded. *See* Ariz.R.Crim.P. 32.2(a). The claim is therefore procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

Moreover, this claim is not cognizable. Habeas corpus relief is not available to correct errors of state sentencing law absent a showing of fundamental unfairness. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). And here there is no such showing.

Amon-Ra is correct when he states that under Arizona law the use of a deadly weapon cannot be used as an "aggravating circumstance" to increase a sentence imposed pursuant to § 13-702(D) if it is an essential element of the offense. A.R.S. § 13-701(D)(2). It can, however, be used to enhance the available range of punishment under § 13-704, which is what happened

in this case. *Id*; (Doc. 20, p. 18)  The trier of fact found that Amon-Ra's crime of assault with a deadly weapon was "a dangerous offense." (Doc. 20, p. 11)  He was therefore sentenced pursuant to the enhanced range of § 13-704, not the lower range of § 13-702.  Within the enhanced range of § 13-704, Amon-Ra received the presumptive sentence for a class 3 felony, which is 7.5 years.  He did not receive an aggravated sentence.

In Claim (6), Amon-Ra argues that the trial judge abused his discretion by suppressing evidence by invoking a local rule. (Doc. 1, p. 16)  He does not, however, claim that this abuse of discretion violated the federal constitution. *Id*.  The writ of habeas corpus affords relief only to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  This claim is not cognizable in habeas corpus.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the petition for writ of habeas corpus and DENYING the motion for writ of habeas corpus ad prosequendum  (Doc. 1);  (Doc. 18)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.  Reply briefs are not permitted without permission from the district court.

DATED this 21st day of October, 2016.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge